Nichol L. Brown
608 Roma
Cibolo, TX 78108-3900
Nicholb2@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Evo A. DeConcini U.S. Courthouse
405 W. Congress Street, Suite 1500
Tucson, AZ. 85701-5010

| | |
|---|---|
| **NICHOL L. BROWN,** | |
| **Plaintiff** | |
| v. | Civil Action No. |
| | CV-21-00477-TUC-BGM |
| **CHRISTINE E. WORMUTH,** | |
| **Department of the Army, Civilian Human Resources Agency,** | Bench Decision Requested |
| **Defendant.** | |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.SC. §§ 2000e et seq. ("Title VII") and the Rehabilitation Act of 1973, 29 U.SC. § 70 1 et seq.   Plaintiff was discriminated and retaliated against based on her race, disability, and based on her prior protected activity when she was removed from her probationary employment and was adversely treated in terms and conditions of employment by the Defendant, Department of the Army, Civilian Human Resources Agency.

### JURISD ICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin), and the Rehabilitation Act of 1973, 29 U.SC, § 701 et seq.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the US Department of the Army, Civilian Human Resources Agency ("the employer").

3. The claims arise from events that took place between June 1, 2016 and November 18, 2016 in the facility located in Fort Huachuca, Arizona. Accordingly, venue lies in the United States District Court for the District of Arizona.

## PARTIES

4. The pro se Plaintiff, Nichol L. Brown, is an adult individual who has a mailing address of 608 Roma, Cibolo, Texas, 78 1083 900. Her email is: Nicholb2@gmail.com.

5. The Defendant, Christine E. Wormuth, is Secretary of U.S. Department of the Army, headquartered at 101 Army Pentagon, Washington, DC 20310-0101.

6. At all relevant times, Rhonda Trecek was Deputy Director, Civilian Human Resources Agency (CHRA), West/Far East Region, located at 2133 Cushing Street, Building 61801, Fort Huachuca, AZ. 856 13-6000.

7. At all relevant times, Debra S. Williams was Supervisor, Human Resources (HR) Specialist, Civilian Human Resources Agency (CHRA), West/Far East Region, 2133 Cushing Street, Building 61801.

8. The U.S. Department of the Army engages in commerce for the purposes of Rehabilitation Act of 1973, and Title VII of Civil Rights Act of 1964, and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

9. The pro se Plaintiff, Nichol L. Brown, is an African-American. As of June 2016 Plaintiff was diagnosed with Anxiety Disorder.

10. Since May 2, 2016, Plaintiff has been employed by Civilian Human Resources Agency (CHRA), U.S. Department of the Army, in the Army's Recent Graduates Local Intern Program.

11. On or about 30 September 2016 in the basement of Greely Hall, Plaintiff informed Ms. Monica Lemberg that she has anxiety/panic disorder in the presence of other Interns. Ms. Lemberg was soliciting what concerns we had during the first iteration of the Job Analysis Occupational Questionnaire exercise to be addressed and presented to the management.

*Plaintiff's Prior Protected Activities*

12. In June 2016, Plaintiff addressed her supervisor, Ms. Debra Williams about providing extra time to complete work assignment as reasonable accommodation.

13. In July 2016, Plaintiff complained to CHRA West employee, Juanita Saez, about acts of discrimination within the CHRA West, Recent Graduates Local Intern Program, who in turn expressed the same concern to the management.

*Particulars of Allegations*

**The Plaintiff alleges that based on her race (African-American), color (Black), disability (Anxiety Disorder), and based on her prior protected EEO activities, she was discriminated and retaliated against when:**

14. On 1 August 2016, nearly ninety (90) days after admission to the Program, Plaintiff was issued a Performance Standards by Ms. Debra S. Williams.

    a. Whet the Performance Standards were issued on 1 August 2016, the Interns were told that the Standards were effective as of that day.

    b. On 28 June 2016 Plaintiff received feedback from Ms. Monica Lemberg in the form of a sticky note, stating: "You are asking appropriate questions for each assignment. Although you have been in catch-up mode, I feel your research skills are stronger than most. If you had more time (and info from management) you could deliver a completed evaluation statement. We need you to expand on your determinations. I don't have enough material from you to evaluate your writing style or how you express yourself in writing."

    c. Ms. Lemberg presented a yellow sticky note to Plaintiff during a face-to-face session in which she went over assignments that were turned in by Plaintiff via email. Ms. Lemberg stated that if she were to give Plaintiff a grade on this date, it would be a "B."

    d. Ms. Lemberg further explained that her feedback was how she "graded" my ability to determine Series, Title, and Grade for assigned Position Descriptions (PDs) and evaluation statements.

15. On or about 23 September 2016, Plaintiff was denied accommodation when she was directed to take a capstone exercise test called Job Analysis and Occupational Questionnaire (JAOQ) without a prior announcement or extra time to complete.

16. On or about 27 September 2016, Ms. Debra Williams failed Plaintiff on the JAOQ test without reviewing her answers, stating: "Honestly Nichol, I did not even look at your exam."

    a. Debra Williams is not T3 certified to instruct Job Analysis Occupational Questionnaire or to grade answers to the JAOQ test.

4

      b. In contrast, Sonia Garcia, White Caucasian with no prior E IO activity or any known disability, received feedback from Debra Williams after taking the JAOQ test.

17. In the week of 26-30 September 2016, Plaintiff was denied work assignments such as Job Analysis and Occupational Questionnaires (JAOQs), Qualification Rating Assignments, Strategic Recruitment Discussions, and other technical assignments.

      a. In contrast, the following individuals from the Recent Graduate Local Intern Program ware given the said assignments: Kayla Donaldson, John Munoz, and Avian Wilkins.

      b. There are all Caucasian with no prior history of engaging in E IO activity and with no known disability.

18. On 07 October 2016, Plaintiff took the JAOQ capstone exercise for a second iteration. However, she received a feedback from the first iteration of the JAOQ nearly two (2) weeks after taking the second iteration. Her supervisor, Ms. Debra S. Williams, yelled at Plaintiff at the top of her lungs in her office behind closed doors, as she reviewed, and stathed that she would not know whether or not she would be able to pass Plaintiff and that she would have to speak to Deputy Director, Ms. Rhonda Trecek.

      a. In contrast, other members within the retrain group were informed of their status of pass or fail as of 07 October 2016, about two weeks earlier than Plaintiff's aforementioned review session.

19. As of 19 October 2016, Plaintiff was not mentored by Monica Lemberg as much as other interns were such as Adeline Soloff, Sheena Lockey, Eva Perez, and Sergio Morales.

      a. On or about 20 October 2016, at the end of the work day, Plaintiff was informed by Staffing mentor, Ms. Roxane Martell Jones, who stated: "My boss told me not to give you anything" and that Plaintiff was in a "holding pattern" for assigning her work on.

  b. Staffing mentor, Ms. Roxane Martell Jones spent an average of one (1) to two (2) hours a piece with Interns, Sheena Lockey and Adeline Soloff, both White Caucasians with no prior E IO activity and no known disability.

  c. Plaintiff received one assignment at a time while other Interns received multiple assignments at a time.

  d. Feedback from assignments submitted by Plaintiff to Ms. Roxane Martell Jones took nearly two (2) weeks to receive.

  e. In contrast other Interns such as Adeline Soloff and Sheena Lockey were mentored immediately after submitting their respective assignments to Ms. Roxane Martell Jones.

20.  On 24 October 2016 Plaintiff was informed by Ms. Debra Williams that she, Williams, was not going to pass Plaintiff and was going to recommend Plaintiff for administrative release.

  a. This occurred nearly 17 days after completing the second iteration of the JAOQ exam.

21.  On or about 27 October 2016, Ms. Monica Lemberg strongly discouraged Plaintiff from applying to the February 2017 Recent Graduates vacancy announcement.

  a. Plaintiff was a preference eligible candidate who was fully qualified to apply.

  b. Lemberg told Plaintiff that Ms. Debra Williams "is the hiring manager" and that "she would not select you."

22.  On 18 November 2016 Plaintiff was removed from the intern Program and the employment.

a. On 18 November 2016 when Plaintiff speak to Deputy Director, Ms. Rhonda Trecek, about her termination, Trecek told her that she, Trecek, had been "hearing your name from different people," that Plaintiff had been the "voice" that would 'speak on behalf of other people." Ms. Trecek further stated that it was "disrespectful of you to ask questions of Ms. Sally Smoot" on 14 November 2016 during Ms. Smoot's All Hands Meeting.

b. During the November 14, 2016 meeting, Plaintiff spoke about disparate treatment the minority interns received.

c. Ms. Trecek was not present in the November 14, 2016 meeting.

d. The removal notice states in part: "During your classification rotation from 2 May 2016 to 31 July 2016, you failed to grasp basic classification assignments or failed to complete some of the classification assignments, including classroom and on-the-job training classification assignments."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. On December 12, 2016 Plaintiff timely initiated the EEO contact and filed an informal complaint of discrimination based on her race and disability.

24. On March 28, 2017 Plaintiff timely filed a formal EEO complaint: ARFTHUA16DEC04953

25. On August 3, 2021 EEOC AJ issued a decision in favor of the Agency.

26. On August 24, 2021 Agency issued its Final Decision.

## REMEDIES and RELIEF

27. Plaintiff seek appropriate remedies, pecuniary and non-pecuniary, including but not limited lost wages and benefits in terms of denied career advancement opportunities and for deterioration of health, loss of enjoyment of life, and consortium damages.

## NO JURY DEMAND

28. The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant.

                                                  Respectfully Submitted,

                                                  /s/ *Nichol L. Brown*
                                                  Nichol L. Brown, Plaintiff pro se
                                                  608 Roma
                                                  Cibolo, TX 78108-3900
                                                  Nicholb2@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the above Complaint, Civil Coversheet, Summons, and a check in the amount of $402, were served on the entity identified below on the date of the signature below by means indicated below:

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Evo A. DeConcini U.S. Courthouse
405 W. Congress Street, Suite 1500
Tucson, AZ. 85701-5010

Via FedEx Express

Date: November 19, 2021

/s/ Chungsoo J. Lee
Chungsoo J. Lee
Administrative Assistant
E IO 21, LLC
275 E. Street Road, #27
Feasterville, PA. 19053

9